# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| NORMAN LEE AGNEW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-956-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus Petitioner Norman Lee Agnew ("Agnew") filed pursuant to 28 U.S.C. § 2241. Am. Pet., ECF No. 6. In response to the petition, Respondent Bill Waybourn moves to dismiss. Mot. Dismiss, ECF No. 9. Agnew has not filed a response to the motion. After considering the pleadings and the relief Petitioner seeks, the motion to dismiss with exhibits thereto, and the applicable law, the Court grants the motion to dismiss.

## I.     BACKGROUND

At the time he filed his § 2241 petition, Agnew was confined in the Tarrant County Jail and under indictment for four felony charges—injury to a child, theft of a firearm, unlawful possession of a firearm by a felony, and bail jumping—and one misdemeanor charge of assault causing bodily injury to a family member. Mot. Dismiss, Exhibits pp. 9, 22, 35, 48, and 61 (Indictments—cause numbers 1429034D, 1433452D, 1434386D, 1434387D & 1475324D) ECF No. 9. Agnew pleaded guilty to these charges on December 11, 2017, and was sentenced to 15 years for each felony charge and 180 days for the misdemeanor charge. Mot. Dismiss, Exs. pp. 10–12, 23–25, 36–38, 49–51, 62–64 (Judgments—cause numbers 1429034D, 1433452D, 1434386D, 1434387D & 1475324D)

ECF No. 9. As part of Agnew's plea agreements, he waived all pretrial motions filed in these cases, waived all rights given him under the law, and entered a judicial confession admitting guilt to each of the offenses. Mot. Dismiss, Exs. pp. 13–20, 26–33, 39–46, 52–59, 65–72 (Written Plea Admonishments—cause numbers 1429034D, 1433452D, 1434386D, 1434387D & 1475324D) ECF NO. 9.

A review of Court records shows that Agnew raises challenges to the convictions in a petition for writ of habeas corpus under 28 U.S.C. § 2254 he filed in this district. *See Agnew v. Davis,* No. 4:18-CV-575-A.[1] That § 2254 petition is pending.

## II.     CLAIMS FOR RELIEF

In his § 2241 petition, Agnew limits his claims to arguments that (1) his bonds are excessive such that he should have a bond reduction; (2) his rights under the Religious Freedom Restoration Act as a Muslim are being violated during his housing in the Tarrant County Jail; and (3) his attorney is "not working" for him. Am. Pet. 5–6, ECF No. 6.

## III.     ANALYSIS

### A.     Excessive Bond Claim

As noted above, Agnew has been convicted and is serving sentences in the Texas Department of Criminal Justice. Agnew's convictions render his excessive bond complaints moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (en banc) (conviction renders moot claim challenging bail because the defendant is no longer subject to pre-trial confinement); *see also Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App. – Houston [1st Dist.] 2004, no pet.) (citing

---

[1]Agnew is now incarcerated in the Texas Department of Criminal Justice, Clements Unit, in Amarillo, Texas. Pet. 10, No. 4:18-cv-575-A, ECF No. 3.

*Henricksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973) (issues concerning excessive pre-trial bail are moot after conviction) (other citation omitted)). Thus, Agnew's excessive bond claim must be dismissed.

### B.    Interference with Religious Rights

Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Agnew's assertion of a claim that his religious rights are being violated, however, is not a challenge to the manner in which his sentence is executed. Such claim is an attack on a condition of confinement and not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement"); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Thus, Agnew's conditions of confinement claim in this suit is outside the proper scope of a § 2241 petition. *See Schipke v. Van Buren*, 239 F. App'x 85, 2007 WL 2491065 at *1 (5th Cir. Aug. 30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised by petitioner challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release).

In addition, Agnew's claim that his rights under the Religious Freedom Restoration Act were violated while he was housed at the Tarrant County Jail, even if true, would not impact the duration of his sentence. The Court therefore lacks jurisdiction to consider this claim as pursued in this § 2241

petition.

### C.     Attorney Not Acting on Agnew's Behalf

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims in

a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *see Dickerson v.*

*Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial

challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons

in custody regardless of whether final judgment has been rendered and regardless of the present

status of the case pending against him") (footnote omitted). The records confirm that although

Agnew filed the instant § 2241 petition while state charges were pending, he subsequently pleaded

guilty to all charges and was convicted. Because Agnew is no longer a pretrial detainee, it is

unnecessary to resolve the remaining issue presented in the § 2241 habeas petition. *See Wade v.*

*Anderson*, No.4:09-cv-684-Y, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with

prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Thorne v. Warden,*

*Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now

held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the

issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes

unnecessary to resolve the constitutional issues presented") and *Fassler v. United States*, 858 F.2d

1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial

detention were rendered moot by conviction). Agnew's claim in the § 2241 proceeding that his

counsel was not acting on his behalf must be dismissed as moot in this proceeding.

## IV.     ORDER

For the reasons discussed herein, it is therefore **ORDERED** that Respondent's motion to

dismiss (ECF No. 9) is **GRANTED**.

It is further **ORDERED** that Petitioner Agnew's claims that he was subjected to excessive bond and that his counsel was not acting on his behalf are **DISMISSED** as moot; and Agnew's remaining claim that his rights under the Religious Freedom Restoration Act were violated is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **2nd day** of **August, 2018**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**